

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JOE HAND PROMOTIONS, INC.,

               Plaintiff,

-against-

ALLAN ZYLLER, ANTHONY BANAS,
JACK BERNOWITZ, BSZ REALTY CORP.,
and DOM & LUIGI'S SMOKEHOUSE, INC.,

               Defendant.

----------------------------------------------------------------X

**ORDER**

**11-CV-03762 (NGG) (VVP)**

NICHOLAS G. GARAUFIS, United States District Judge.

On August 3, 2011, Plaintiff Joe Hand Promotions, Inc., filed this action against Defendants Allan Zyller, Anthony Banas, BSZ Realty Corp., Jack Bernowitz, and Dom & Luigi's Smokehouse, Inc., alleging common-law conversion, as well as unauthorized interception, reception, and publication of Plaintiff's closed-circuit telecast of an ultimate fighting match (the "Fight") on February 6, 2011, in violation of the Cable Communications Policy Act of 1984 (the "Cable Act"), 47 U.S.C. §§ 553 and 605, seeking statutory damages under section 605(e)(3) of the Cable Act and damages for common-law conversion. (Compl. (Dkt. 1).) On April 12, 2013, Plaintiff moved for default judgment against defendants Anthony Banas, Jack Bernowitz, and Dom Luigi's Smokehouse, Inc. (collectively "Defaulting Defendants") (Pl. Mot. for Default J. (Dkt. 43).) The court referred this motion to Magistrate Judge Viktor V. Pohorelsky for a report and recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(1) to address both liability and damages. (See Apr. 12, 2013, Order (Dkt. 44).)

On December 13, 2013, Judge Pohorelsky issued an R&R recommending that the court grant Plaintiff's motion for default judgment and direct the entry of judgment against Defaulting Defendants in the amount of $5,890.50, representing $4,415.50 in statutory damages and $1,475 in attorneys' fees and costs. (See R&R (Dkt. 47).) Pursuant to Judge Pohorelsky's Order (see id. at 16), Plaintiff filed proof of service of the R&R upon Defaulting Defendants (see Certificate of Service (Dkt. 48)).

No party has objected to Judge Pohorelsky's R&R, and the time to do so has passed. See Fed. R. Civ. P. 72(b)(2); (see also R&R at 15). Therefore, the court reviews the R&R for clear error. See Gesualdi v. Mack Excavation & Trailer Serv., Inc., No. 09-CV-2502 (KAM), 2010 WL 985294, at *1 (E.D.N.Y. Mar. 15, 2010); La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000); cf. 28 U.S.C. § 636(b)(1). Finding no clear error, the court ADOPTS the R&R in its entirety, see Porter v. Potter, 219 F. App'x 112 (2d Cir. 2007), and as set forth above and in the R&R: Plaintiff's motion for default judgment is GRANTED and judgment shall be entered against Defendant for $5,890.50, representing $4,415.50 in statutory damages and $1,475 in attorneys' fees and costs. The Clerk of Court is respectfully directed to enter judgment and close the case.

SO ORDERED.

Dated: Brooklyn, New York
January 6, 2014

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge